UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| MARK BROWN and ) | |
| RACHELLE BROWN, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. _____ |
| ) | |
| LAUGHLIN MEMORIAL HOSPITAL, INC. ) | Jury Trial Demanded |
| GREENEVILLE COLLECTION SERVICE, ) | |
| INC., CHESNUT LAW OFFICE, LLP, and ) | |
| ALEX A. CHESNUT, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT**

**INTRODUCTION**

1. This action is brought to recover damages for illegal activities prohibited by the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA), and for invasion of personal and financial privacy under the FDCPA and Tennessee state law.

2. This action arises out of:

   A. Defendants Greeneville Collection Service, Inc. (GCS), Chesnut Law Office, LLP (Chesnut Law), and Alex A. Chesnut (Alex Chesnut) (collectively "FDCPA Defendants") violations of the FDCPA;

   B. Defendant Laughlin Memorial Hospital, Inc. (Laughlin) and the FDCPA Defendants' violations of Tennessee state laws prohibiting invasion of personal and financial privacy;

all in their efforts to collect a consumer debt from Plaintiffs Mark Brown (Mr. Brown) and Rachelle Brown (Mrs. Brown) (collectively "Plaintiffs").

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

4. Venue is proper in this District because the acts and transactions occurred here, the Defendants transact business here, and the Plaintiffs reside here.

**PARTIES**

5. Mr. Brown is a natural person who resides in Cocke County, Tennessee.

6. Mrs. Brown is a natural person who resides in Cocke County, Tennessee.

7. Laughlin is a non-profit Tennessee corporation registered to do business in Tennessee with a principal office located at 1420 Tusculum Blvd, Greeneville, TN 37745-4279 that maintains Timothy S. Belisle, 400 N. State of Franklin Rd., Johnson City, TN 37604-6035, as its registered agent.

8. GCS is a for-profit Tennessee corporation registered to do business in Tennessee with a principal office located at 103 N. College St., Greeneville, TN 37743-5607 that maintains Leon H. Bell, 103 N College St, Greeneville, TN 37743-5607 as its registered agent.

9. Chesnut Law is a Tennessee limited liability partnership registered to do business in Tennessee with a principal office located at 112 S. Main St., Greeneville, TN 37743-4922 that maintains Alex A. Chesnut as its registered agent.

10. Alex Chesnut is a natural person whom, on information and belief, is an owner or employee of Chesnut Law.

## FACTUAL ALLEGATIONS

11. Mr. Brown is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Mrs. Brown is a "consumer" as defined by 15 U.S.C. § 1692a(3) and an "applicant" as defined by 15 U.S.C. § 1691a(b).

13. Laughlin is a "person" (as defined by 15 U.S.C. § 1691a(f)), who regularly extends "credit" (as defined by 15 U.S.C. § 1691a(d)), by granting rights to debtors to defer payment of debt for medical services or by allowing debtors to incur debts for medical services and defer payment, and is, therefore, a "creditor", as defined by 15 U.S.C. § 1691a(e).

14. GCS is an agent of Laughlin, and regularly engages in the business of using the mails and telephone system, paying the filing fees and process service fees to file collection lawsuits and requests for the issuance of garnishments of wages and levies of bank accounts, preparing sworn affidavits for its clients to sign in support of collection lawsuits, sending collection letters, credit reporting, and attempting to collect debts in person, all in an effort to collect consumer debts owed or due or asserted to be owed or due another, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

15. Chesnut Law and its employees or owners, including Alex A. Chesnut, regularly engage in collection of consumer debts owed or due or asserted to be owed or due another and attempts to collect them by prosecuting collection lawsuits to collect consumer debts owed to GCS's clients, using collection communications in the form of collection lawsuits and statements of accounts, and attempting to collect the debts in person, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

16. Alex Chesnut is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Defendants have alleged that Plaintiffs incurred an obligation to pay money arising out of a transaction in which Laughlin extended "credit" (as defined by 15 U.S.C. § 1691a(d)) to Mrs. Brown for medical services provided to her without requiring her to pay for the services in full when provided because she qualified under Laughlin's standards of credit worthiness.

18. The debt incurred by Mrs. Brown is for an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, a debt for medical services allegedly owed to Laughlin by Mrs. Brown.

19. After default, Laughlin hired GCS as its agent for collection of the debt from the Plaintiffs, and GCS hired Chesnut Law to assist it in attempting to collect the alleged debt from Plaintiffs.

*Collection Communications*

20. A "communication" under the FDCPA means conveying the information regarding a debt directly or indirectly to any person through any medium. 15 U.S.C. § 1692a(2).

*Collection Lawsuit*

21. On information and belief, Greeneville Collection drafted and prepared a civil summons and affidavit of sworn account (sworn affidavit) that was filed in state court on December 5, 2017, placed Chesnut's name on the civil summons as the attorney for Laughlin and caused the civil summons and affidavit of sworn account to be filed and served on Plaintiffs ("collection lawsuit"). **Copy filed as Exhibit 1 to this Complaint. (hereinafter "Doc. 1-1").**

22. The civil summons and sworn affidavit were served in connection with collection of the debt and in an attempt to collect the debt, and each is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. The civil summons states that Laughlin is the state court plaintiff and that the collection lawsuit was brought by Laughlin "for an account past due and owing in the amount of $831.37, plus court costs in the amount of $150.00 and service of process fees in the amount of $52.00." **Doc. 1-1, p. 1.**

24. The civil summons also states: "This is an attempt to collect a debt; and any information obtained will be used for that purpose." **Doc. 1-1, p. 1.**

25. The sworn affidavit states that:

> CREDITOR: LAUGHLIN MEMORIAL HOSPITAL, INC.
> DEBTORS(S): MARK BROWN and RACHELLE LEE BROWN
> PATIENT: RACHELLE LEE BROWN
> DATE OF SERVICE: 8/23/2016
> BALANCE: $831.37
> ACCOUNT #24454415
> AGENCY #419639

   **See Doc. 1-1, p. 2.**

26. The sworn affidavit also states:

> THE UNDERSIGNED, PLAINTIFF OR PLAINTIFF'S AUTHORIZED AGENT MAKES OATH BASED ON PERSONAL KNOWLEDGE THAT THE ANNEXED ACCOUNT IS JUST, DUE AND UNPAID. ALL LAWFUL OFFSETS. [sic] CREDITS AND PAYMENTS HAVE BEEN ALLOWED AND THE CORRECT BALANCE IS SHOWN ABOVE FOR SERVICES RENDERED AND/OR GOODS SOLD AND DELIVERED TO THE DEBTOR OR ON THE DEBTOR!S BEHALF AT THE DEBTOR'S SPECIAL REQUEST.
>
> TO THE BEST OF MY INFORMATION AND BELIEF, AFTER INVESTIGATION OF DEFENDANT'S EMPLOYMENT, I HEREBY MAKE AFFIDAVIT THAT THE DEFENDANT IS/IS NOT A MEMBER OF A MILITARY SERVICE.

BY SIGNATURE BELOW, PLAINTIFF OR PLAINTIFF'S AGENT GIVES AUTHORIZATION FOR ALEX A. CHESNUT, ATTORNEY AT LAW, TO REPRESENT THEM IN THIS MATTER.

**See Doc. 1-1, p. 2.**

27. The sworn affidavit is allegedly signed by an individual named Charles H. Whitfield, Jr. in front of a notary who is not identified on November 30, 2017. **See Doc. 1-1, p. 2.**

## ECOA

28. The ECOA makes it "unlawful for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction – on the basis of . . . marital status". **See 15 U.S.C. § 1691(a)(1).**

29. A "creditor" (as defined by 15 U.S.C. § 1691a(e)) can only require a spouse to be co-liable for an obligation if the creditor has determined that the applicant does not individually qualify for the deferral of payment.

30. If the receiving or contracting spouse meets the creditor's standard of credit worthiness, a creditor cannot require the non-contracting or non-receiving spouse to sign any credit instrument prior to the extension of credit.

31. Mrs. Brown qualified under Laughlin's standards of credit worthiness for the amount and terms of the credit for which she applied when she received the medical services from Laughlin without having to pay for the services in full when provided.

32. Despite Mrs. Brown qualifying for the extension of credit from Laughlin, Defendants have alleged that both Plaintiffs incurred an obligation to pay money arising out of a transaction in which Laughlin extended "credit" (as defined by 15 U.S.C. § 1691a(d)) to Mrs. Brown for medical services without requiring her to pay for the services in full when provided.

33. Since Mrs. Brown qualified, Mr. Brown could not be required to sign any credit instrument prior to the extension of credit to Mrs. Brown.

34. If Laughlin cannot force Mr. Brown to sign on the front end before extending credit to Mrs. Brown because she qualified under Laughlin's standards of credit worthiness, then it cannot force him to pay on the back end by subjecting him to debt collection.

35. Attempting to collect the debt from Mr. Brown is an intentional action by Laughlin to force Mr. Brown to personally guarantee the obligation to Laughlin for the medical services provided to Mrs. Brown, simply because he is married to her.

36. Mr. Brown was not provided the medical services from Laughlin, so he is not a receiving spouse and he did not sign a contract with Laughlin for the medical services provided to Mrs. Brown, so he is not a contracting spouse, and, therefore, the attempt to require Mr. Brown to guarantee Mrs. Brown's debt for medical services provided to her without requiring her to pay for the services in full when provided is legally unenforceable.

## FAIR DEBT COLLECTION PRACTICES ACT

37. The FDCPA is a federal statute which regulates debt collectors in the collection of consumer debts. **See 15 U.S.C. §§ 1692** *et seq.*

38. Congress passed the FDCPA because:

    **(a)    Abusive Practices**

    There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**(b) Inadequacy of Laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c) Available Non-Abusive Collection Methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**15 U.S.C. §§ 1692 (a), (b), and (c).**

39. The purpose of the FDCPA is "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." **15 U.S.C. § 1692 (e).**

40. The Sixth Circuit reaffirmed in *Stratton v. Portfolio Recovery Associates, LLC*, 770 F.3d. 443, 448-449 (6th Cir. 2014) that: "'The Fair Debt Collection Practices Act is an extraordinarily broad statute' and must be construed accordingly. *Frey v. Gangwish*, 970 F.2d 1516, 1521 (6th Cir. 1992)"; *see also Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 533 (6th Cir. 2014).

41. "'Courts must view any alleged [FDCPA] violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases.' *Gionis v. Javitch, Block, Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007). (internal quotation marks and citations omitted); *see also Barany-Snyder v. Weiner*, 539 F.3d 327, 333 (6th Cir. 2008)". *Stratton, supra*, at 450.

## FDCPA CLAIMS

### *False Representation of the Character or Legal Status of the Debt*

42. Despite the sworn affidavit stating that the balance owed in the amount of $831.37 is "FOR SERVICES RENDERED AND/OR GOODS SOLD AND DELIVERED TO THE DEBTOR", Plaintiffs believe that any amount charged by Laughlin for the medical services received by Mrs. Brown that was not covered by insurance was paid before the collection lawsuit was filed against them.

43. Additionally, by falsely representing that Mr. Brown owes the debt simply because he was married to Mrs. Brown when the alleged debt was incurred is a false representation of the character and legal status of the debt, in violation of 15 U.S.C. § 1692e(2)(A), communicating credit information which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8), and the use of any false representation or deceptive means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692e(10).

### *Attempting to Collect Debt from Mr. Brown That He Did Not Owe*

44. By attempting to collect from Mr. Brown the debt incurred solely by Mrs. Brown by falsely representing in the collection lawsuit that Mr. Brown was responsible for the debt simply because he was married to her, the FDCPA Defendants falsely represented the character, amount, and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), threatened to take and actually took action it could not legally take, in violation of 15 U.S.C. § 1692e(5), and communicated credit information which it knew or should have known was false, in violation of 15 U.S.C. § 1692e(8), which is the use of false, deceptive, and misleading representations or means in connection with collection of any debt, and the use of false representations and deceptive means to collect or attempt to collect any debt, in violation

9

of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair means to collect or attempt to collect any debt and the collection of any amount not permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1), and also was the engagement by the FDCPA Defendants in intentional or negligent conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with collection of a debt, in violation of 15 U.S.C. § 1692d, and which resulted in an invasion of Mr. Brown's personal and financial privacy by a revelation of false financial information to third parties, including the general public, in violation of 15 U.S.C. § 1692c(b), and by interfering physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of Mr. Brown by unlawfully attempting to collect a debt from him that he does not owe.

### *Claim for Interest and Collection Fees from Mr. Brown Without a Signed Contract*

45. Despite the sworn affidavit stating that the balance owed in the amount of $831.37 is "FOR SERVICES RENDERED AND/OR GOODS SOLD AND DELIVERED TO THE DEBTOR", on information and belief, the amount of $831.37 demanded in the civil summons and provided as the balance owed in the sworn affidavit includes interest and collection fees added based on a contract signed by Mrs. Brown.

46. Although Laughlin or the FDCPA Defendants may possess a signed contract for the debt they are attempting to collect that allows for interest and collection fees upon default, Mr. Brown did not sign it, and would not have been responsible for payment of interest and collection fees. *See Massey v. Casals*, 2012 Tenn. App. LEXIS 901, *11-12, 2012 WL 6697594 (Tenn. Ct. App. 2012); *See also Discover Bank v. Henson*, 2008 Tenn. App, LEXIS 737, 2008 WL 5272530 at *3, (Tenn. Ct. App. 2008) (*perm. app. den*. Sup. Ct., June 15,

2009) ("[W]ithout a written contract signed by Defendant, Discover Bank may not recover attorney's fees or a contract rate of interest.")

47. Without a contract signed by Mr. Brown, the FDCPA Defendants could not legally recover interest and collection fees from him and the demand against him for these amounts is a false, deceptive, and misleading representation in connection with collection of the debt, and a threat to take action that cannot legally be taken in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(10), and the use of unfair means to collect or attempt to collect any debt and the collection of any amount not expressly authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

*Filing Collection Lawsuit Against Mr. Brown in Improper Venue*

48. As stated above, no contract was signed by Mr. Brown for the medical services provided to Mrs. Brown.

49. The collection lawsuit was filed by the FDCPA Defendants in Greene County, Tennessee.

50. At the commencement of the collection lawsuit, Mr. Brown resided in Cocke County, Tennessee.

51. Because Mr. Brown did not sign the contract on which the FDCPA Defendants allegedly relied to file the collection lawsuit against Plaintiffs in Greene County, Tennessee, and Mr. Brown did not reside in Greene County, Tennessee at the time the collection lawsuit was filed, the only county in which the collection lawsuit could be filed against Mr. Brown in compliance with the FDCPA would have been Cocke County, Tennessee.

52. The filing of the collection lawsuit against Mr. Brown by the FDCPA Defendants in Greene County, Tennessee is a violation of 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692i(a)(2).

11

*False Representation or Implication That Communication is From an Attorney*

53. On information and belief, Alex Chesnut did not review any of Laughlin's alleged claims against Mr. Brown in order to make determination if, or when, or where, a collection lawsuit should be filed against him.

54. On information and belief, Alex Chesnut did not have any direct personal involvement in the drafting and preparation of the collection lawsuit.

55. Listing Alex Chesnut as Laughlin's attorney, falsely represents or implies to the least sophisticated consumer that Alex Chesnut was professionally involved in Plaintiffs' file before the collection lawsuit was filed.

56. The communications in the form of the civil summons and affidavit of sworn account were false, deceptive, and misleading because they were not "from" an attorney in any meaningful sense of the word, and some degree of attorney involvement is required before communications will be considered "from" an attorney within the meaning of the FDCPA.

57. The listing of Alex Chesnut as Laughlin's attorney is sufficient to give the least sophisticated consumer the false impression that the civil summons and affidavit of sworn account were communications from an attorney, in violation of 15 U.S.C. § 1692e(3).

58. Upon being served the collection lawsuit, the least sophisticated consumer, may reasonably believe that an attorney has reviewed his or her file and has determined that her or she is a candidate for legal action.

59. Listing Alex Chesnut as Laughlin's attorney when he had not been meaningfully involved with Plaintiffs' alleged account violates 15 U.S.C. §1692e's prohibition against false, deceptive, or misleading communications because it falsely implies that an attorney, acting as an attorney, is involved in collection of the alleged debt.

*Summary*

60. The above-detailed conduct by Defendants in connection with collection of the debt, constitutes numerous and multiple violations of the ECOA, the FDCPA and state law including, but not limited to each of the above-cited provisions.

## TRIAL BY JURY

61. Plaintiffs are entitled to and hereby respectfully demand a trial by jury. **US Const. amend. 7. Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

### COUNTS I-XII

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

**15 U.S.C. §§ 1692c(b), 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692i(a)(2)**

62. Plaintiffs incorporate by reference all the above paragraphs as though fully stated herein.

63. The foregoing acts and omissions of the FDCPA Defendants constitute numerous and multiple FDCPA violations including, but not limited to each and every one of the above-cited FDCPA provisions, 15 U.S.C. §§ 1692 *et seq*.

64. As a result of the FDCPA Defendants' violations, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 each pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every FDCPA Defendant.

### COUNT XIII

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION
### UNDER THE FDCPA AND STATE LAW

65. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

66. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **<u>Abusive debt collection practices contribute</u>** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **<u>to invasions of individual privacy</u>**.
>
> **15 U.S.C. § 1692(a) (emphasis added).**

67. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates a broad range of "financial institutions" whose definition includes debt collectors, when it stated as part of its purposes:

> It is the policy of the Congress that **<u>each financial institution has an affirmative and continuing obligation to respect the privacy of its customers</u>** and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> **15 U.S.C. § 6801(a) (emphasis added).**

68. Defendants intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and private concerns or affairs of Plaintiffs, namely, by unlawfully attempting to collect a debt and thereby invaded Plaintiffs' personal and financial privacy.

69. Defendants intentionally and/or negligently caused emotional harm to Plaintiffs by engaging in highly offensive conduct in the course of collecting this debt by attempting to collect a debt not owed by Mr. Brown simply because he was married to Mrs. Brown, thereby invading and intruding upon Plaintiffs' right to personal and financial privacy.

70. Plaintiffs have a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

71. The conduct of the Defendants, in engaging in the above-described illegal collection conduct against Plaintiffs, resulted in intrusions and invasions of privacy which occurred in a way that would be highly offensive to a reasonable person in that position.

72. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial by a jury; from each and every Defendant.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray that judgment be entered against the FDCPA Defendants for:

### **COUNTS I-XII**

### **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692c(b), 1692d, 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(3), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), and 1692i(a)(2)**

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every FDCPA Defendant and for Plaintiffs, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 each against each and every FDCPA Defendant, and for Plaintiffs;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every FDCPA Defendant and for Plaintiffs;

**WHEREFORE**, Plaintiffs pray that judgment be entered against all Defendants for:

### **COUNT XIII**

### **INVASION OF PRIVACY BY INTRUSION UPON SECLUSION UNDER THE FDCPA AND STATE LAW**

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasion of privacy in an amount to be determined at trial by a jury; and for Plaintiffs; and

- for such other and further relief, as may be just and proper.

08/16/18                                         Respectfully submitted,

**MARK BROWN**
**RACHELLE BROWN**


s/      Alan C. Lee
Alan C. Lee, BPR # 012700
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
aleeattorney@gmail.com

Attorney for Plaintiffs